IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

FLOYD LINDBLOOM,

            Plaintiff(s),

vs.

SPECIALIZED LOAN SERVICING, LLC and
RECONTRUST COMPANY, N.A.,

           Defendant(s).

CASE NO. 3AN-12-5554 CI

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: Specialized Loan Servicing, LLC - registered agent

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): 825 West 4th Avenue, Anchorage, AK 99501
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): Robert Lynch
    Address: 1015 West 6th Ave., Suite 200
              Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge Morse

(SEAL)

    3-8-12
    Date

CLERK OF COURT
By: K. Kidd
Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

EXHIBIT A
Page 1 of 7

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

FLOYD LINDBLOOM, )
                                )
    Plaintiff, )
                                )
v. )
                                )
SPECIALIZED LOAN SERVICING, )
LLC and RECONTRUST COMPANY, )
N.A., )
                                )
    Defendants )
_____) Case No. 3 AN-12-_____ CI

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW, Floyd Lindbloom (hereinafter "Lindbloom"), by and through counsel, Alaska Legal Services Corporation, and as his complaint against the defendants, alleges and requests relief as follows:

## INTRODUCTION

1. Defendants are on notice that they have no right to sell Lindbloom's house at foreclosure on March 12, 2012. Defendants know (1) that the federal government's HAMP program requires defendants to suspend Lindbloom's foreclosure because he has a pending loan modification application; and (2) that the Deed of Trust defendants are trying to foreclose on is inoperative because Lindbloom entered into a loan modification dated March 25, 2010 that cured his alleged default.

2. Defendant Specialized Loan Servicing, LLC (SLS) has repeatedly promised Lindbloom that his foreclosure would be suspended pending review of his application

for a HAMP loan modification. ReconTrust Company (ReconTrust), for its part, is on notice of the above-mentioned glaring defects in its authority to conduct the foreclosure, yet it refuses to stop the sale. Due to defendants' manifest institutional incompetence and/or bad faith, SLS has failed to make good on its promises to halt the foreclosure and ReconTrust is turning a blind eye to obvious defects with its authority to conduct the foreclosure. ReconTrust's behavior is particularly egregious considering the fact it is Lindbloom's fiduciary.

3. This Court should treat the defendants like any other persons, despite the fact that they are large financial institutions; they must honor their promises. Until they do so, they should be barred from foreclosing on Lindbloom. This Court should enjoin the defendants and award plaintiff damages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to AS 22.10.020.

5. Venue is proper under AS 22.10.030 and Civil Rule 3(c).

## PARTIES

6. Plaintiff lives in the Third Judicial District.

7. Defendant Specialized Loan Servicing, LLC ("SLS") is a financial institution that regularly does business in the Third Judicial District.

8. Defendant ReconTrust Company, N.A. ("ReconTrust") is a wholly-owned subsidiary of Bank of America, N.A. ReconTrust is headquartered in California and does business in Alaska. ReconTrust regularly engages in debt collection and is a
LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

Complaint for Injunctive Relief and Damages
Lindbloom v. Specialized Loan Servicing, LLC, et al., Case No. 3AN-12-_____CI
Page 2 of 8

EXHIBIT A
PAGE 3 OF 7

Case 3:12-cv-00079-JWS   Document 1-1   Filed 04/11/12   Page 3 of 7

"debt collector" as that term is defined under the FDCPA. ReconTrust is the entity that is attempting to foreclose on plaintiff's home.

## FACTS AND GENERAL ALLEGATIONS

9. Lindbloom refinanced his mortgage in 2006 with Countrywide Home Loans, Inc., which was then a subsidiary of Bank of America. BAC Home Loans Servicing, LP (BAC), another Bank of America subsidiary, was Lindbloom's loan servicer — the company that he sent his monthly payments to and with whom he interacted with regarding his mortgage.

10. After falling behind on his mortgage payments in 2010, BAC wrote to Lindbloom on March 25, 2010 and offered him a loan modification that would reduce his interest rate, lower his monthly payments to $1,135.46 per month, and cure his default.

11. To accept this offer, BAC told Lindbloom that he must (1) endorse the modification agreement; (2) provide BAC with recent financial information; and (3) return the agreement to BAC by April 24, 2010. Lindbloom did each of these three things.

12. Thereafter Lindbloom began making his new modified payments.

13. At some point in late 2010, BAC unilaterally breached the loan modification agreement and started refusing Lindbloom's modified payments and entirely failing to recognize the existence of the modification agreement.

14. On November 23, 2011 BAC sent Lindbloom a letter telling him that BAC was transferring its servicing rights to defendant SLS.

Complaint for Injunctive Relief and Damages
*Lindbloom v. Specialized Loan Servicing, LLC, et al.*, Case No. 3AN-12-_____CI
Page 3 of 8

EXHIBIT A
PAGE 4 OF 7

Case 3:12-cv-00079-JWS   Document 1-1   Filed 04/11/12   Page 4 of 7

18. Unfortunately, banks regularly violate the HAMP rules and regularly foreclose on homeowners in violation of HAMP.

19. ReconTrust does a large number of non-judicial foreclosures in Alaska.

20. ReconTrust is aware its clients/banks sometimes violate the HAMP rules and regularly foreclose on homeowners in violation of HAMP. In fact, the worst violator of the HAMP program rules is its parent company, Bank of America.

21. ReconTrust is a fiduciary for both the banks it represents as well as the homeowners on whom it is foreclosing. ReconTrust should not proceed with a non-judicial foreclosure when it has notice that its client/bank may have violated the HAMP rules or when it has notice that the homeowner on whom it is foreclosing is not actually in default. Instead, ReconTrust should postpone the foreclosure sale until it ascertains whether, in fact, its client/bank violated the HAMP rules and whether the homeowner in fact is in default.

22. As of today's date, SLS has not completed its evaluation of Lindbloom's HAMP application.

23. When Lindbloom filed his HAMP application with SLS in February, 2012, his counsel notified ReconTrust of this fact. Lindbloom's counsel also provided ReconTrust with a copy of Lindbloom's completed HAMP application.

24. Lindbloom also informed ReconTrust that he is not in default because he and BAC entered into a loan modification in 2010 that cured his default.

25. In response to this knowledge, ReconTrust wrote Lindbloom's counsel a letter stating that it did not have to listen to Lindbloom. Despite owing dual fiduciary

Complaint for Injunctive Relief and Damages
*Lindbloom v. Specialized Loan Servicing, LLC, et al.*, Case No. 3AN-12-_____ CI
Page 5 of 8

EXHIBIT A

32. Defendants are engaged in trade or commerce within the meaning of AS 45.50.471(a).

33. Defendants acted unfairly and violated Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.* by acting in the aforesaid fashion.

34. Plaintiff has suffered an "ascertainable loss of money or property" as a result of this practice.

35. This Court should enter a declaration finding that defendants violated the UTPCPA. This Court should also award plaintiff actual and/or statutory damages under AS 45.50.531(a).

## COUNT III: BREACH OF FIDUCIARY DUTIES

36. Plaintiff incorporates by reference the allegations in each of the preceding paragraphs.

37. ReconTrust's aforementioned conduct violated its fiduciary duties to plaintiff and plaintiff has been damaged thereby.

38. ReconTrust should be enjoined from conducting any foreclosure until and unless it first obtains confirmation from its client/bank that its client/bank has complied with HAMP.

39. Plaintiffs is now entitled to actual and exemplary damages against Alaska Trustee.

## PRAYER FOR RELIEF

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

Complaint for Injunctive Relief and Damages
*Lindbloom v. Specialized Loan Servicing, LLC, et al.*, Case No. 3AN-12-_____CI
Page 7 of 8

EXHIBIT A

Case 3:12-cv-00079-JWS   Document 1-1   Filed 04/11/12   Page 6 of 7

WHEREFORE, plaintiff prays the Court to order a speedy hearing and advance this matter on the calendar, pursuant to Civil Rule 57(a), and award the following relief:

1. Injunctive relief as prayed for above;

2. In accord with the UTPCPA, a judgment awarding plaintiff three times his actual damages or $500, whichever is greater;

3. Actual and punitive damages;

4. An award to the plaintiff of his costs and expenses of litigation;

5. An award to plaintiff of his full attorney's fees; and

6. For any such other and further relief as this Court may deem just under the circumstances.

ALASKA LEGAL SERVICES CORPORATION

DATE: 3/8/12

_____
Robert P. Lynch, Bar Rule 43 Waiver
Attorneys for Plaintiff

LAW OFFICES OF
ALASKA LEGAL SERVICES CORPORATION
ANCHORAGE AND STATEWIDE OFFICE
1016 WEST SIXTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1963
PHONE: (907) 272-9431
FAX: (907) 279-7417

Complaint for Injunctive Relief and Damages
*Lindbloom v. Specialized Loan Servicing, LLC, et al.*, Case No. 3AN-12-_____CI
Page 8 of 8

EXHIBIT A
7 OF 7

Case 3:12-cv-00079-JWS   Document 1-1   Filed 04/11/12   Page 7 of 7